### SOPER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 25, 1902.)

WATER—ABSTRACTION—DAMAGES—EVIDENCE.
    In an action for damages occasioned by removing water appurtenant to plaintiff's farm, evidence as to the difference in the crops produced before and after the abstraction of the water is material.

Appeal from special term, Kings county.
Action by John Soper against the city of New York for damages occasioned by removing water appurtenant to his farm. From a judgment for nominal damages, plaintiff appeals. Reversed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.
Charles Coleman Miller, for appellant.
R. Percy Chittenden (James W. Prendergast, Jr., on the brief), for respondent

PER CURIAM. If the rulings in this case had been in accordance with those made by the same learned justice in Reisert v. City of New York (Sup.) 74 N. Y. Supp. 673, we should, of course, affirm the judgment. It seems to us, however, that evidence was offered by the plaintiff and excluded by the court on the trial now under review which was competent and relevant upon the question of rental value, under the rule as to the measure of damages adopted by the court in the Reisert Case. The difference in the crops produced by the plaintiff's land before and after the abstraction of the water was certainly material as affecting the question whether the rental value of the property had been changed by reason of such abstraction or not. Owing to the exclusion of this evidence, we shall be constrained to grant a new trial.
Judgment reversed, and new trial granted, costs to abide the final award of costs.